UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

DOREACE S. MARTIN and
NICOLE P. MARTIN,
          Case No. 16-30007
          Chapter 13 Proceeding
  Debtors.       Hon. Daniel S. Opperman
_____/

## OPINION REGARDING OBJECTION OF OCWEN LOAN SERVICING, LLC TO CONFIRMATION OF DEBTORS' AMENDED PRE-CONFIRMATION CHAPTER 13 PLAN

### Facts

Before the Court is the Objection of Ocwen Loan Servicing, LLC ("Ocwen") to the Debtors' Amended Pre-Confirmation Chapter 13 Plan filed on April 28, 2016[1] ("Amended Plan"). Debtors filed this Chapter 13 bankruptcy on January 4, 2016. Ocwen holds a secured interest non-residential real property owned by the Debtors located at 2426 Gold Street, Flint, Michigan (the "Property"). In both their original Chapter 13 Plan filed on January 19, 2016 ("Original Plan"), and the Amended Plan, Debtors treat the secured claim of Ocwen as "Crammed," asserting a market value for the Property of $10,000.00 to be paid at an interest rate of 5.00%. Thus, Debtors' treatment of Ocwen's secured claim did not change. The Debtors amended their Plan to address objections of the Chapter 13.

The deadline for objections to confirmation of the Original Plan was February 23, 2016. Ocwen did not file an objection by that deadline. Pursuant to Local Bankruptcy Rule 3015-3(a)(4), the deadline to object to confirmation of the Amended Plan was May 26, 2016, which is 28 days

---

[1] Docket No. 41. The Amended Pre-Confirmation Chapter 13 Plan was corrected on May 9, 2016 (Docket No. 45), to list the real property subject to Ocwen's mortgage on the liquidation analysis, but did not otherwise change the treatment of Ocwen's claim.

1

after Debtor served the Amended Plan.  Ocwen filed its Objection to confirmation of the Amended Plan on May 23, 2016, asserting that the value proposed by Debtors for the Property is too low, and that the proper value is $30,000.00, and that the proposed interest rate of 5.00% is too low, and should be 5.50% or the contractual rate of 6.375%.  Ocwen's May 23, 2016, Objection is titled: "Objection to Confirmation of Debtors' Amended Chapter 13 Plan."

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) (confirmations of plans).

Analysis and Conclusion

While Local Bankruptcy Rule 3015-3(a)(4) allows 28 days for objections to confirmation of a modified plan, Local Bankruptcy Rule 3015-2(a)(2) requires notice and service for a proposed modified plan that "materially and adversely affects any party in interest."  It is undisputed that Debtors' treatment of Ocwen's claim did not change from the Original Plan to the Amended Plan.  Thus, there was not a material and adverse impact upon Owcen in the Amended Plan.

The Court concludes that Ocwen's opportunity to object to Debtors' treatment of its claim was by the deadline for filing such objections under the Original Plan–February 23, 2016.  Because Debtors' treatment of Ocwen's claim in the Amended Plan was not modified, the filing of the Amended Plan cannot be viewed as an event resurrecting Ocwen's right to object to confirmation.  To allow objections to confirmation in these circumstances would result in creditors having second and perhaps more, opportunities to object to confirmation of a plan in which its treatment in the plan remains unchanged.  *See In re Duncan*, 245 B.R. 538, 541-43 (Bankr. E.D. Tenn. 2000).  Ocwen does not dispute it received proper notice of the deadline to object to confirmation.  With proper

notice and an opportunity to object, there is no basis to otherwise allow a late filed objection.

Ocwen argues that Federal Rule of Bankruptcy Procedure 3015(f)[2] merely requires that it file and serve its objection before confirmation of the plan, which was done here. Ocwen reads this part of Rule 3015(f) too simplistically and in isolation from the sentence later in this subsection stating that confirmation may be granted if no objections are timely filed. As pointed out by the court in *Duncan*, to consider late objections that are filed prior to confirmation "would lead to an absurd result," resulting in a lack of finality to the confirmation process. *Duncan*, 245 B.R. at 541 ("Carried to extremes, the confirmation process could go on *ad infinitum*–as soon as one objection is resolve, but before the court actually signs the confirmation order, another objection could be filed, and so forth. Surely this was not the intent of the Supreme Court in promulgating Fed. R. Bankr. P. 3015(f)).

For the above stated reasons, the Court overrules Ocwen's Objection to Confirmation as untimely. The Court directs Debtors to draft and submit an appropriate order.

**Not for Publication**

```
Signed on August 05, 2016
                                        /s/ Daniel S. Opperman
                                    Daniel S. Opperman
                                    United States Bankruptcy Judge
```

---

[2] Federal Rule of Bankruptcy Procedure 3015(f) states:

> **(f) Objection to Confirmation; Determination of Good Faith in the Absence of an Objection.** An objection to confirmation of a plan shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee, before confirmation of the plan. An objection to confirmation is governed by Rule 9014. If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.